UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LEWIS ALLEN,

                        *Petitioner,*

    *-against-*

UNITED STATES OF AMERICA,

                        *Respondent.*

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7 - 13 - 16__

16 Civ. 2088 (PAC)
11 Cr. 569 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On April 22, 2013, Petitioner Lewis Allen pleaded guilty to using a firearm to commit murder during and in relation to a drug trafficking conspiracy, in violation of 18 U.S.C. § 924(j)(1). On January 14, 2014, the Court sentenced Allen to 360 months imprisonment and five years of supervised release. The Second Circuit affirmed. 607 Fed. Appx. 75 (2d Cir. 2015).

Allen now petitions, pursuant to 28 U.S.C. § 2255, to vacate the sentence. He claims his Sixth Amendment right to effective assistance of counsel was violated because counsel failed to move to dismiss the indictment and instead advised Allen to plead guilty to charges that were time-barred and premised on an underlying drug conspiracy of which Allen was not a member.

Allen's co-defendant Luis Valerio previously raised identical claims. The Court rejected Valerio's claims as meritless, and does so here too. *See United States v. Valerio*, 2016 WL 354894 (S.D.N.Y. Jan. 28, 2016). The petition is DENIED.

**BACKGROUND**

From 2003 through 2011, Levit Fernandini ran a drug trafficking organization on Creston Avenue just north of Fordham Road in The Bronx, New York. Pre-Sentence Report ("PSR") ¶

1

49. The so-called Creston Avenue Crew sold retail and wholesale amounts of cocaine and retail amounts of marijuana. *Id.* In June 2006, Fernandini hired Allen, Valerio, and several others, who were members of a different drug trafficking organization operating in the area of Gerard Avenue, to "shoot up" a street corner operated by rival drug dealers also on Creston Avenue. *Id.* ¶ 94. On June 6, 2006, Allen and Valerio participated in the shooting ordered by Fernandini. *Id.* Specifically, Allen and Valerio carried guns and shot into a large crowd of people, resulting in the death of one person and injuries to three others. *Id.*

On September 10, 2012, Allen was charged in three counts of a nine-count superseding indictment against 27 individuals bringing various drug trafficking and firearms offenses related to the operation of the Creston Avenue Crew. Dkt. 228. On April 22, 2013, Allen pleaded guilty to Count Two, using a firearm to commit murder during and in relation to a drug trafficking conspiracy, in violation of 18 U.S.C. § 924(j)(1). At the plea hearing, Allen testified: "In 2006, I was involved in a drug conspiracy, an agreement with others to distribute narcotics. As part of the conspiracy on June 12, 2006, I possessed and discharged a firearm resulting in the death of a person." Dkt. 378, at 10-11.

On January 14, 2014, the Court sentenced Allen to 360 months of imprisonment and five years of supervised release. Dkt. 465. On June 10, 2015, the Second Circuit affirmed the sentence, rejecting a substantive unreasonableness challenge. 607 Fed. Appx. 75 (2d Cir. 2015). On March 21, 2016, Allen brought this petition.

## DISCUSSION

### I.    Legal Standard

"A claim of ineffective assistance entails a showing that: 1) the defense counsel's performance was objectively unreasonable; and 2) the deficient performance prejudiced the

2

defense." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). The *Strickland* test "applies to guilty plea challenges." *Id.* "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). As such, counsel is not ineffective for failing to raise a meritless defense. *See Aparicio v. Artuz*, 269 F.3d 78, 98 (2d Cir. 2001).

## II.   Analysis

Allen, like Valerio before him, argues that his defense counsel was ineffective for failing to raise several potential defenses. First, Allen contends that counsel should have moved to dismiss the indictment on grounds that the Government failed to indict him within the five-year statute of limitations set by 18 U.S.C. § 3282(a). Allen points to the fact that his only involvement with the Creston Avenue Crew was on June 12, 2006 and the indictment was filed more than five years later on September 10, 2012. But Count 2 (the count to which Allen pleaded guilty) was timely because crimes punishable by death such as 18 U.S.C. § 924(j) are not subject to any limitations period, pursuant to 18 U.S.C. § 3281. *United States v. Dames*, 2007 WL 1032257, at *1 (S.D.N.Y. Mar. 30, 2007). That is so regardless of whether a separate charge for the underlying drug conspiracy would be time-barred. *Id.* And § 3281 applies even though Allen was a minor when he committed the murder, and so is not eligible for the death penalty. *See United States v. Payne*, 591 F.3d 46, 59 (2d Cir. 2010) ("[W]hether a crime is 'punishable by death' under § 3281 or '[not] capital' under § 3282 depends on whether the death penalty may be imposed for the crime under the enabling statute, *not* on whether the death penalty is in fact available for defendants in a particular case."). The statute of limitations

3

argument is meritless.

Next, Allen claims that defense counsel erred by failing to argue that, since Allen never agreed to (and never did) sell drugs for the Creston Avenue Crew, he neither acted "during and in relation to" the Creston Avenue Crew drug trafficking conspiracy nor did he use a firearm "in furtherance of" that conspiracy. *See* 18 U.S.C. § 924(c)(1)(A). Allen's argument fails because it is premised on an overly cramped view of what constitutes a conspiracy. "The essence of conspiracy is agreement among two or more persons to join in a concerted effort to accomplish an illegal purpose." *United States v. Parker*, 554 F.3d 230, 234 (2d Cir. 2009). "Because narcotics conspiracies are illicit ventures, disputes are frequently settled by force or the threat of force. . . . Consequently, advancing the aim of a narcotics conspiracy can involve performing ancillary functions such as . . . enforcing discipline and chastising rivals." *United States v. Santos*, 541 F.3d 63, 72 (2d Cir. 2008) (internal quotation marks and brackets omitted). "Violence furthers such a conspiracy . . . by sending the message that those suspected of stealing from the conspiracy would be treated harshly." *Id.* (internal quotation marks omitted).

Allen acknowledged at his plea hearing and in his moving papers that he was hired by Fernandini, the head of the Creston Avenue Crew, to "shoot-up" a street corner on Creston Avenue "to send a message to the rivals of the Creston Crew that they were not allowed to sell drugs on Creston Avenue." Dkt. 1 at 2. Allen's use of violence to help enforce and maintain Fernandini's control of his drug spot on Creston Avenue demonstrates that Allen acted "in relation to" the Creston Avenue Crew drug conspiracy and used a firearm "in furtherance of" the conspiracy. The conspiracy argument is meritless.

Since the arguments Allen faults defense counsel for not raising are meritless, Allen was not denied effective assistance of counsel.

## CONCLUSION

Allen's motion to vacate the sentence is DENIED.  As he has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253.  The Clerk is directed to enter judgment and terminate 16 cv 2088.

Dated: New York, New York
   July [13], 2016

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:
Lewis Allen
70302-054
F.C.I. Allenwood
P.O. Box 2000
Whitedeer, PA 17887